**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| SAIYASI LOVOLEVU,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 13-70802<br><br>Agency No. A089-042-981<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2015[**]

Before:      O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Saiyasi Lovolevu, a native and citizen of Fiji, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  Our

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Lovolevu's contention that he is at risk of harm in Fiji based on applying for asylum in the United States because he failed to raise this claim to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Substantial evidence supports the agency's determination that Lovolevu failed to establish past persecution because his mistreatment by the military did not rise to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006) (evidence did not compel a contrary result). Substantial evidence also supports the agency's finding that Lovolevu did not establish an objectively well-founded fear of persecution by the Fijian government. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution was "too speculative"). Thus, Lovolevu's asylum claim fails.

Because Lovolevu failed to meet the lower standard of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the agency's denial of CAT relief because Lovolevu failed to establish it is more likely than not that he will be

tortured if returned to Fiji. *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006) (evidence did not compel finding of a likelihood of torture).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**